[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISQUALIFY
This oral motion to disqualify was made by the plaintiff after the defendant's attorney's copied and retained sealed medical records of the plaintiff's physician obtained in response to a subpoena duces tecum. The defendant sought to depose the plaintiff's physician, Dr. Matza, prior to a November 1995 trial date. On October 4, 1995, the defendant noticed the deposition of Dr. Matza, scheduled for October 13, 1995. A subpoena duces tecum was also served on Dr. Matza, which ordered him to bring his medical records pertaining to the plaintiff and certain correspondence, including correspondence to the plaintiff's attorney and other physicians. This deposition was later rescheduled from October 13, 1995 and October 20, 1995, apparently because Dr. Matza was unavailable on the original date. Sometime between the first notice of deposition but CT Page 460 before the October 20, 1995 deposition date, Dr. Matza forwarded all of the materials, reports, and correspondence requested by the subpoena to the defendant's attorney. The defendant's attorney's staff person photocopied all of the documents sent by Dr. Matza; a copy was retained for the defendant's attorney, and a copy was forwarded a copy to the plaintiff's attorney. The defendant's attorney stated to the court that the copy retained for him was sealed and that he did not examine the contents.
The deposition never took place on October 20, 1995, because of the filing of the instant motion, a motion to quash the deposition of Dr. Matza and a motion for protective order. The defendant has also filed objections to all three motions. These motions appeared on the October 30, 1995 Short Calendar and were heard by this court. It is the motion to disqualify that must be resolved before the other pending motions may be decided. The plaintiff has requested that this court consider her oral motion to disqualify the defendant's attorney based on the fact that these subpoenaed records were sent directly to the defendant's attorney, contrary to order of the subpoena, that the records were opened and copied at the defendant's attorney's office improperly, and that the plaintiff objected to these records being produced on the basis that they contained confidential information which might be privileged.
Medical records of the plaintiff are privileged material and cannot be disclosed unless authorized by patient pursuant to Sec. 52-146(o) C.G.S. Even if the defendant claims it has a written authorization for these records, the plaintiff did file a timely motion to quash (#128) received by this court on October 12, 1995, the day before the scheduled deposition, which under § 52-148e(c), clearly provides that the party issuing the subpoena "shall not be entitled to inspect and copy the disputed material" except with an order of this court. It is not clear to this court how the records were sent to the office of the defendant's attorney prior to the date of the rescheduled deposition, since the deposition was not scheduled to be held at the defendant's attorney's office, but at another attorney's office located in Waterbury. The court accepts the representations of the defendant's attorney that he did not request that the records be sent to his office, but that was done in error by Dr. Matza's office. The court is troubled with the fact that the defendant's attorney copied the records of Dr. Matza and in spite of the fact, he forwarded a copy to plaintiff's attorney CT Page 461 and sealed the copy he retained. This was not authorized, and contrary to § 52-148e(c), but the court is confident, based on the representation of counsel that the records were not "inspected" by anyone in his office. The court has reviewed the records which were sealed and without ruling on the admissibility of any of the documents in the sealed file, it finds nothing in them which might be found to be privileged. In addition, plaintiff's counsel has not pointed to anything in the records which might be privileged.
The court, in dealing with this disqualification issue, must consider three competing interests: 1) the defendant's interest in selecting counsel of its choice; 2) the plaintiff's interest in protecting confidential information; and 3) the public interest in the scrupulous administration of justice.Goldenberg v. Corporate Air, Inc. 189 Conn. 504, 507. In weighing these criteria, there is no compelling reason to grant the plaintiff's motion for disqualification. "The disqualification of a party's chosen counsel is a harsh sanction, and an extraordinary remedy which should be resorted to sparingly."Rivera v. Chicago Pneumatic Tool Company, No. 5163644 Conn. L. Rptr. 394
(Aug. 5, 1991) 1991 Ct. Sup. 6945. Clearly, the defendant's attorney should not have authorized anyone to copy the file regardless of the fact that it was sealed and not inspected by him. The fact that a staff person in the defendant's office was exposed to the contents of the file does give an appearance of impropriety which could have been avoided if he returned the subpoenaed documents unopened to the Doctor, or brought the documents unopened to the court, pending the resolution of the plaintiff's motion to quash. The defendant's attorney has not examined or inspected the documents, and the court is confident that the plaintiff's records are not in the hands of the defendant, despite the fact they were duplicated. The court will not disqualify an attorney on the mere appearance of impropriety.Bergeron v. Mackler 225 Conn. 391, 399.
There is no question that in the face of the plaintiff's motion to quash, the defendant had no right to copy and retain, for in camera inspection, any medical records sent to him pursuant to a subpoena. This action was improper, but not sufficient to warrant disqualification, and therefore, the court will deny the plaintiff's motion for disqualification. The court, nonetheless, will consider a monetary sanction to reimburse the plaintiff for any out of pocket costs incurred in connection with the delay occasioned by the postponement of this CT Page 462 trial. The court will schedule a hearing to consider the monetary amount of the sanction and to consider the plaintiff's motion to quash and any other outstanding motions of either party.
In addition, the court is concerned that the defendant's attorney has not adequately provided instruction to its staff on ethical issues. Rule 5.3 of Connecticut's Rules of Professional Conduct states that
 [a] lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer.
Although this court finds that the staff person's good faith was demonstrated because she forwarded a copy of the documents to the plaintiff's lawyer, it is clear that the staff person was not adequately instructed on ethical aspects of subpoenaed documents.
Because the court has found that 1) the defendant's attorney did not order the staff person to copy and retain the medical records, 2) the defendant's attorney did not ratify the conduct involved, and 3) did not know of the conduct at a time when its consequences could be avoided or mitigated, the defendant's attorney is not responsible for the conduct of the staff person under Rule 5.3(c)(1)(2).[1]
The court will consider at the hearing ordering the defendant's attorney to provide ethical course instruction to its staff.
/s/ Pellegrino, J. PELLEGRINO